UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEBORAH A. SCROGGINS )
)
Plaintiff, )
)
v. ) Civil No. 3:07cv486-REP
)
TRANS UNION, LLC, et al. )
)
Defendants. )

## ORDER

THIS MATTER COMES before the Court, pursuant to Federal Rule of Civil Procedure 37, for resolution of discovery disputes between the Plaintiff Deborah A. Scroggins, by counsel, and the Defendant, Experian Information Solutions, Inc., by counsel. Having considered the arguments of counsel, it is hereby ORDERED as follows:

(1) Interrogatory Nos. 1 and 2: Experian's objection to each Interrogatory is OVERRULED. Experian is hereby required to provide a full response on or before December 12, 2007.

(2) Interrogatory No. 3: Experian's objection to this Interrogatory is OVERRULED. Experian may respond to this Interrogatory by identifying responsive documents pursuant to Fed. R. Civ. P. 33(d). To the extent any of the identified documents contain information in "code," Experian is directed to provide a narrative response.

(3) Interrogatory Nos. 4-8: Experian's objection to each Interrogatory is OVERRULED. Experian is hereby required to provide a full response on or before December 12, 2007.

(4) <u>Interrogatory No. 9</u>: Experian's objection to this Interrogatory is OVERRULED. Experian is hereby required to provide a full response on or before December 17, 2007.

(5) <u>Interrogatory Nos. 10 and 11</u>: Experian's objection to each Interrogatory is OVERRULED. Experian is hereby required to provide a full response on or before December 12, 2007.

(6) <u>Interrogatory No. 12</u>: Experian's objection to this Interrogatory is OVERRULED. Experian is hereby required to produce a witness pursuant to Fed. R. Civ. P. 30(b)(6) that is knowledgeable of the origin and implementation of Experian's policies requiring a consumer to provide Experian with certain minimum identifying information as a condition of Experian's agreement to process the consumer's dispute. Experian shall produce this witness on a date agreeable to plaintiff's counsel, on or before December 21, 2007, or as otherwise agreed by the parties to accommodate the court's pre-trial scheduling order, as modified herein. Experian shall disclose to plaintiff's counsel the identity of such witness on or before December 17, 2007.

(7) <u>Interrogatory No. 13</u>: Experian's objection to this Interrogatory is OVERRULED. Experian is hereby required to provide a full response on or before December 12, 2007.

(8) <u>Interrogatory Nos. 14 and 15</u>: Upon agreement of counsel, each Interrogatory has been withdrawn and Experian will not be required to provide an answer.

(9) <u>Interrogatory No. 16</u>: The court will stay any ruling on this Interrogatory until such time as counsel have completed the meet and confer process.

(10) <u>Interrogatory No. 17</u>: Upon agreement of counsel, Experian will provide responsive information for the year 2006 only.

(11) <u>Interrogatory No. 18:</u> Upon agreement of counsel, Experian will not answer this Interrogatory but Experian is hereby required to produce a witness pursuant to Fed. R. Civ. P. 30(b)(6) that is knowledgeable of the plaintiff's credit reports for each month the HSBC tradeline was reported. Experian shall produce this witness on a date agreeable to plaintiff's counsel, on or before December 21, 2007, or as otherwise agreed by the parties to accommodate the court's pre-trial scheduling order, as modified herein. Experian shall disclose to plaintiff's counsel the identity of such witness on or before December 17, 2007.

(12) <u>Interrogatory No. 19:</u> Experian's objection to this Interrogatory is OVERRULED. Upon agreement of counsel, Experian is hereby required to answer this Interrogatory by providing only the author and year of each Administrative Handbook.

(10) <u>Interrogatory No. 20:</u> Upon agreement of counsel, Experian will provide an answer to this Interrogatory that includes a brief description of any course available to Experian employees through the Learning Center in which the nature of the course may not be discerned from the course name.

(11) <u>Request for Production No. 1:</u> Experian's objection to this Request is OVERRULED. Experian is hereby required to responsive documents on or before December 12, 2007.

(12) <u>Request for Production No. 2:</u> Upon agreement of counsel, this Request has been withdrawn and Experian will not be required to produce responsive documents.

(13) <u>Request for Production No. 3:</u> Experian has produced documents sufficient to satisfy this request.

(14) <u>Request for Production No. 4</u>: Experian's objection to producing the "schedule of consideration" is OVERRULED. Experian is hereby required to produce responsive documents, if any, on or before December 12, 2007.

(15) <u>Request for Production No. 5</u>: Upon agreement of counsel, this Request has been withdrawn and Experian will not be required to produce responsive documents.

(16) <u>Request for Production No. 6</u>: Upon agreement of counsel, this request is withdrawn in exchange for Experian producing a witness pursuant to Fed. R. Civ. P. 30(b)(6) who, for each inquiry contained in Plaintiff's consumer report during the two-year period preceding the filing date of the Complaint, will testify to the following: (a) date of inquiry, (b) subscriber name, (c) identifying information provided by the subscriber and (d) the nature of the information provided by Experian to the subscriber in response to this inquiry. Experian shall produce this witness on a date agreeable to plaintiff's counsel, on or before December 21, 2007, or as otherwise agreed by the parties to accommodate the court's pre-trial scheduling order. Experian shall disclose to plaintiff's counsel the identity of such witness on or before December 17, 2007.

(17) <u>Request for Production No. 7</u>: Upon agreement of counsel, this Request has been withdrawn and Experian will not be required to produce responsive documents.

(18) <u>Request for Production No. 8</u>: Upon agreement of counsel, this Request has been withdrawn in exchange for the production of a witness pursuant to 30(b)(6) who is knowledgeable as to the state of the law governing Experian's policies requiring a consumer to provide Experian with certain identifying information as a condition for Experian to process a consumer's dispute. Experian shall produce this witness on a date agreeable to plaintiff's counsel, on or before December 21, 2007, or as otherwise agreed by the parties to accommodate

the court's pre-trial scheduling order, as modified herein. Experian shall disclose to plaintiff's counsel the identity of such witness on or before December 17, 2007.

(19) <u>Request for Production No. 9</u>: Upon agreement of counsel, this Request has been withdrawn and Experian will not be required to produce responsive documents.

(20) <u>Request for Production Nos. 10 – 16</u>: Experian's objection to each Request is OVERRULED. Experian is hereby required to produce responsive documents on or before December 12, 2007.

(21) <u>Request for Production No. 17</u>: Experian's objection to this Request for Production is OVERRULED. Experian is hereby required to review and produce responsive e-mails on or before December 17, 2007.

The court hereby MODIFIES its October 22, 2007 Scheduling Order to permit the parties an additional three weeks (21 days) to complete discovery and also file summary judgment motions.

The Clerk is directed to send a copy of this Order to all counsel of record by facsimile and regular mail.

It is so ORDERED.

/s/ _____
UNITED STATES DISTRICT JUDGE

Richmond, Virginia
Date: January 15, 2008

#1681397v1